UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.            5:18-CV-710
               (FJS/TWD)

**COSSITT CONCRETE PRODUCTS, INC.,**

      **Defendant.**

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James Hanley U.S. Courthouse<br>& Federal Building<br>100 South Clinton Street<br>Syracuse, New York 13261<br>Attorneys for Plaintiff | **MARY E. LANGAN, AUSA** |
| **COSSITT CONCRETE PRODUCTS, INC.**<br>Defendant | NO APPEARANCES |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pending before the Court is Plaintiff's motion for entry of a default judgment against Defendant. *See* Dkt. No. 8.

### II. BACKGROUND

Plaintiff commenced this action on June 18, 2018, by filing a verified complaint against Defendant. *See* Dkt. No. 1. In its complaint, Plaintiff sought to collect upon multiple assessments

for violation of the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801 *et seq.* for citations issued on five different inspection dates. *See id. &* Exhibits A, C, E, G, and I, Proposed Assessments and Statements of Accounts, and Exhibits B, D, F, H, and J, Certificates of Indebtedness, attached thereto; *see also* Affidavit of Mary E. Langan at ¶ 2.

Plaintiff served Defendant with the summons and complaint on August 8, 2018. *See* Dkt. No. 3. Defendant did not answer or otherwise appear in this action within the required time frame. On September 14, 2018, Plaintiff requested a clerk's entry of default, *see* Dkt. No. 5, which the Clerk of the Court entered on September 17, 2018, *see* Dkt. No. 6. On October 18, 2018, Plaintiff filed the pending motion for entry of a default judgment against Defendant. *See* Dkt. No. 8.

### III. DISCUSSION

**A.  Plaintiff's complaint**

According to the complaint, the Court has jurisdiction over this action under the provisions of 28 U.S.C. § 1345 and § 110 of the Federal Mine Safety and Health Act ("MSHA") of 1977, 30 U.S.C. § 801 *et seq.*, and the Federal Debt Collection Procedures Act of 1990 ("FDCPA") authorizes Plaintiff's action "to recover a judgment on [the] debt" that Defendant has refused to pay. *See* Complaint at  ¶ 1. Plaintiff also alleges that, at all relevant times, Defendant operated a sand pit at or near Madison, Madison County, New York, pursuant to 30 U.S.C. § 801 and 30 U.S.C. § 802(d). *See id.* at ¶3.

Between September 2013 and September 2016, a MSHA inspector visited Defendant's sand pit worksite in Madison, New York and conducted regular safety and health inspections. *See id.* at ¶ 4. The dates of those inspections, the violations discovered, and the assessment for those

violations are set forth below:

| Count | Date of Inspection | Principal Amount | Treasury & DOJ Fees | Interest & Penalties | Total |
|---|---|---|---|---|---|
| 1 (Exhibits A and B) | 11/13/2013 | $3,166.89 | $1,142.69 | $0 | $4.309.58 |
| 2 (Exhibits C and D) | 2/6/2015 | $500.00 | $185.40 | $13.80 | $699.20 |
| 3 (Exhibits E and F) | 5/5/2015 | $5,078.00 | $1,853.92 | $60.00 | $6,991.92 |
| 4 (Exhibits G and H) | 5/21/2015 | $686.00 | $250.78 | $9.02 | $945/80 |
| 5 (Exhibits I and J) | 9/27/2016 | $1,038.00 | $357.24 | $12.05 | $1,407.29 |
| Total | | | | | $14,353.79 |

Although after each inspection Plaintiff issued a Proposed Assessment Violations Summary and informed Defendant that it had thirty days from receipt of the Proposed Assessment either to pay the proposed penalty or notify MSHA that it contested the Proposed Assessment and requested a hearing, in each case Defendant failed to avail itself of either option and, thus, the Proposed Assessments became final orders of the Commission.

### III. DISCUSSION

**A.     Default judgment standard**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.,* 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a) the plaintiff must obtain a clerk's entry of default. *See* Fed. R. Civ. P. 55(a) (providing that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded"). Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain" or by the court "[i]n all other cases." Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) (providing that "[a] party shall accompany a motion to the Court for the entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), with a **clerk's certificate of entry of default** . . ., **a proposed form of default judgment**, and a copy of the pleading to which no response has been made").

**B.     Liability**

By failing to answer the complaint, Defendant is deemed to have admitted the factual allegations in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citations omitted)). However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief." *Wells Fargo Bank, N.A. v. Barnes*, No. 3:16-CV-00533 (BKS/DEP), 2018 WL 6028050, *5 (N.D.N.Y. Nov. 16, 2018) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (other citation omitted).

Based on the allegations in the Complaint, the Court finds that Plaintiff has established that Defendant is liable under the Federal Mine Safety and Health Act of 1977.

**C.     Damages**

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)) (other citation omitted).  A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (stating that "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages"); Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

In this case, the Court finds that it is not necessary to hold an evidentiary hearing because,

with the exception of costs,[1] damages are calculable based on the detailed affidavits and documentary evidence that Plaintiff has provided.

## IV. CONCLUSION

Having reviewed the entire file in this matter, Plaintiff's submissions, and the applicable law, and, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment, *see* Dkt. No. 8, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is awarded judgment against Defendant for the sum of **$14,753.79**, which includes the **$14,353.79** Defendant owes as a result of its failure to remit what it owes as a result of its violations of the Act and the **$400.00** in costs Plaintiff incurred for filing the complaint in this action, with interest continuing thereon to date of entry of judgment; and, thereafter, interest thereon from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a); and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by certified mail return receipt requested and shall file an affidavit of service, together with the certified mail receipt, demonstrating that service has been effected; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and against

---

[1] Plaintiff has not provided any documentation, *e.g.*, receipts, to support its request for statutory costs. Nonetheless, because the Court can take judicial notice of the fact that Plaintiff is entitled to recover this District's filing fee of $400.00 pursuant to 28 U.S.C. § 2412(a)(2), it grants Plaintiff's request to recover this cost. However, because Plaintiff has failed to submit any documentation to support its request for taxation of costs associated with "Service of Summons & Complaint" and "Filing of Abstract of Judgment," the Court denies that request.

Defendant consistent with this Memorandum-Decision and Order.

**IT IS SO ORDERED.**

Dated: April 9, 2019
      Syracuse, New York

                                          Frederick J. Scullin, Jr.
                                          Senior United States District Judge